<u>**NOT FOR PUBLICATION**</u>

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| CALVIN THOMPSON,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>UNION COUNTY DIVISION OF SOCIAL SERVICES, et al.,<br><br>　　　　　Defendants. | Civil Action No. 24-1471 (SDW)(JSA)<br><br>**WHEREAS OPINION**<br><br>April 17, 2023 |

**WIGENTON**, District Judge.

**THIS MATTER** having come before this Court upon *pro se* Plaintiff Calvin Thompson's ("Plaintiff") filing of a Complaint (D.E. 1) and an application to proceed *in forma pauperis*, (D.E. 1-3 ("IFP Application")), and this Court having *sua sponte* reviewed the Complaint for sufficiency pursuant to 28 U.S.C. § 1915(e)(2)(B) and Fed. R. Civ. P. 8(a); and

**WHEREAS** a district court may allow a plaintiff to commence a civil action without paying the filing fee—that is, *in forma pauperis*—so long as the plaintiff submits an affidavit demonstrating he is "unable to pay such fees," but must dismiss a case that is frivolous, "fails to state a claim upon which relief may be granted," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(a)(1), (e)(2)(B); *see Shorter v. United States*, 12 F.4th 366, 374 (3d Cir. 2021); and

**WHEREAS** the legal standard for failure to state a claim under 28 U.S.C. § 1915(e)(2)(B) is the same as that applied under Federal Rule of Civil Procedure 12(b)(6). *See Shorter*, 12 F.4th at 371. *Pro se* complaints are "liberally construed" and "held to less stringent standards than

1

formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam) (quotation marks omitted); *see also* Fed. R. Civ. P. 8(e). However, a *pro se* complaint must still comply with Federal Rule of Civil Procedure 8, which requires "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), that "give[s] the defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quotation marks and alterations omitted). Factual allegations "must be simple, concise, and direct." Fed. R. Civ. P. 8(d)(1). The factual allegations in a complaint are generally accepted as true, but legal conclusions are not. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The complaint must contain "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp.*, 550 U.S. at 555; and

**WHEREAS** Plaintiff alleges that his "EBT [b]enefits were [s]tolen by a Cyber Criminal" due to Defendant Union County's internal data breach. (D.E. 1 at 3; D.E. 1-2 at 3.) Plaintiff further alleges that Union County failed to reimburse him for his loss of benefits and that Union County committed multiple violations of federal laws including wire and mail fraud. (D.E. 1-2 at 1–2.)

**WHEREAS** the facts alleged in Plaintiff's Complaint are insufficient to state a claim upon which relief may be granted because they "do not permit [this Court] to infer more than the mere possibility" that Defendants violated Plaintiff's rights. *Ashcroft*, 556 U.S. at 679; *see* Fed. R. Civ. P. 8(a)(2). Plaintiff's conclusory allegations that Union County had committed a slew of federal crimes for its refusal to restore Plaintiff's benefits are not accepted as true, and he has not presented facts to support those claims. *See Iqbal*, 556 U.S. at 678. Without more, these allegations fail to state a claim upon which relief may be granted; and

**WHEREAS** "because subject matter jurisdiction is non-waivable, courts have an independent obligation to satisfy themselves of jurisdiction if it is in doubt." *Nesbit v. Gears Unlimited, Inc.*, 347 F.3d 72, 76–77 (3d Cir. 2003). Plaintiff's Complaint fails to present a federal question and does not establish diversity jurisdiction. *See* Fed. R. Civ. P. 8(a). Therefore, subject matter jurisdiction has not been established. *See* Fed. R. Civ. P. 12(b)(1); *see also Const. Party of Pa. v. Aichele*, 757 F.3d 347, 358 (3d Cir. 2014) (finding that a complaint must be dismissed and jurisdiction is not established when it "does not present a question of federal law, or because there is no indication of a diversity of citizenship among the parties"); and

**WHEREAS** the IFP Application indicates that Plaintiff is seventy-one years old and receives about $1,037 in monthly income and has zero dollars in his bank account. (D.E. 1-3 at 1–3.) At the same time, Plaintiff represents to have $1,180 in monthly expenses, including $850 for rent, $290 for food, and $20 for transportation. (*Id.* at 4–5); therefore

Plaintiff's IFP Application is **GRANTED** and Plaintiff's Complaint is *sua sponte* **DISMISSED WITHOUT PREJUDICE** for failure to state a claim upon which relief can be granted pursuant to 28 U.S.C. § 1915(e)(2)(B) and lack of subject matter jurisdiction pursuant to Fed. R. Civ. P. 12(b)(1).[1] Plaintiff shall have thirty (30) days to file an amended Complaint. Failure to timely file an amended Complaint may result in the dismissal of this matter with prejudice. An appropriate order follows.

    /s/ Susan D. Wigenton
  **SUSAN D. WIGENTON, U.S.D.J.**

Orig: Clerk
cc:   Jessica S. Allen, U.S.M.J.
      Parties

---

[1] Plaintiff's motion to appoint pro bono counsel (D.E. 4) is moot and therefore terminated in light of this Court's dismissal of the Complaint.